**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00225-GMN-NJK-2 |
| vs. ) | |
| ) | **ORDER** |
| JOHN WILLIAM PRINCE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant John William Prince's ("Defendant's") Emergency Motion for Compassionate Release, (ECF No. 175). The Government filed a Response, (ECF No. 179), and Defendant filed a Reply, (ECF No. 180). Defendant also filed a Supplement to his Motion, (ECF No. 181), to which the Government filed a Response, (ECF No. 183).

For the reasons discussed below, the Court **DENIES** Defendant's Emergency Motion for Compassionate Release.

**I.   BACKGROUND**

On January 3, 2019, Defendant pleaded guilty to one count of Conspiracy to Distribute a Controlled Substance – Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846. (Mins. Proceedings, ECF No. 152); (J., ECF No. 172). On July 3, 2019, the Court sentenced Defendant to 97 months' imprisonment, to be followed by 48 months' Supervised Release with special conditions. (See Mins. Proceedings, ECF No. 171); (J., ECF No. 172). Defendant is presently in custody at the Fort Worth Federal Medical Center ("Fort Worth FMC"). (*See* Mot. Compassionate Release ("MCR") 1:22–23, ECF No. 175). Defendant now petitions this Court for compassionate release.

## II.  LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; (2) "extraordinary and compelling reasons" warrant a reduction in his sentence, and (3) he is not "a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  Under United States Sentencing Guideline § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13.  The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.*  The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III.  DISCUSSION

The Government disputes neither that Defendant has exhausted his administrative remedies, nor that Defendant has presented "extraordinary and compelling reasons" for his release in light of the COVID-19 pandemic.[1] (*See* Resp. MCR 4:19–22, ECF No. 179).  As

---

[1] The CDC states that adults with chronic kidney disease and heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies, "are at increased risk of severe illness from the virus that causes COVID-19." *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.  Defendant has all of these conditions. (*See* MCR 7:13–8:4, ECF No. 175); (Ex. A to MCR, ECF No. 176).

such, the Court's analysis is limited to a discussion of whether Defendant has demonstrated that his release would not present a danger to the public, as well as whether release is warranted under the 18 U.S.C. § 3553(a) factors.

Under 18 U.S.C. § 3142(g), an inmate may be granted compassionate release only if he is not a danger to any other person or to the community. *See United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."). In assessing whether the Defendant presents a danger to the community, the Court should consider factors such as: (1) the nature and circumstances of the offense charged, including whether the offense involved violence or a controlled substance; (2) the weight of evidence against the defendant; (3) the defendant's history and characteristics, including physical and mental condition, criminal history, and family ties; and (4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

In the present case, Defendant's physical condition has severely deteriorated since the time he committed the underlying offense. According to recent medical records, Defendant is currently confined to a wheelchair, has cataracts so severe that they require surgery, and is partially oxygen dependent. (Ex. A to Suppl. MCR at 4-6, 17 ECF No. 182). Further, "Defendant has had three strokes with difficulty speaking and momentary paralysis of the left side," as well as "mental fogging." (*Id.* at 1). However, Defendant was reportedly diagnosed with congestive heart failure and kidney disease in 2016, which did not prevent him from continuing to broker drug transactions throughout that year. (*See* Presentence Investigation Report "PSR" ¶ 15–38, 103). Therefore, the Court recognizes that a serious medical condition may not hinder Defendant from engaging in criminal activity, especially given that Defendant was convicted of offenses conducted out of his own home. (*See id.* ¶ 15–38).

The Government further argues that Defendant's release would be dangerous because drug offenses, especially those involving distribution, pose a danger to the public. (Resp. Suppl. MCR 4:10 –23, ECF No. 183).  While drug distribution offenses are certainly serious, courts have found that a conviction for a non-violent drug offense alone is not enough to demonstrate that a person will be a danger to the community. *See, e.g.*, *United States v. Fowler*, 445 F. Supp. 3d 452, 453–54 (N.D. Cal. Jun. 6, 2020) (finding that a defendant who had never committed a violent crime, but whose underlying offense was distributing methamphetamine, was not a danger to the community); *United States v. Arreola-Bretado*, 445 F. Supp. 3d 1154, 1158–59.  Nonetheless, the Court acknowledges that in conjunction with Defendant's non-violent drug conviction, Defendant still has a criminal record including another drug distribution charge, as well as a personal history of substance abuse. (PSR ¶ 76, 160).  Thus, the nature and circumstances of Defendant's offense, coupled with his personal history and characteristics, do not demonstrate whether Defendant would be a danger to the community if released.

However, the Court need not determine at this time whether Defendant is a danger to the community because the factors found in 18 U.S.C. § 3553(a) weigh against release. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

The Government argues that because Defendant has only served 14 months of his 97-month sentence, compassionate release is inappropriate; the Court agrees. (Resp. Suppl. MCR 3:19–4:2). Defendant has almost seven years remaining on his sentence, meaning that he has served less than 20% of his prescribed period of incarceration. Defendant argues that there is little deterrent or rehabilitative benefit in requiring him to serve the remainder of his sentence. (MCR 11:4–6). However, the Court is not persuaded; Defendant has provided no evidence of reformative efforts or disciplinary history during his incarceration. Further, Defendant has two felony drug convictions, demonstrating that Defendant has re-offended before, and may do so again. (*See* PSR ¶ 63–80). As such, there can still be some rehabilitative or deterrent value in Defendant remaining incarcerated.

Additionally, retribution is also a valid and important consideration when evaluating the need for the sentence imposed. *See Tapia v. United States*, 564 U.S. 319, 325 (2011) (identifying retribution, deterrence, rehabilitation, and incapacitation as sentencing considerations). In this case, just punishment indicates that Defendant should remain incarcerated because he has served such a limited amount of his sentence. *See, e.g.*, *United States v. Rand*, No.3:16-cr-00029-MMD-WGC-1, 2020 WL 2733949, at *4–5 (D. Nev. May 26, 2020) ("just punishment requires that Defendant remain at [the correctional facility] particularly given that he has more than half his sentence remaining"). Finally, Defendant was already given the lowest sentence in his guideline range of 97 to 121 months, after also receiving a three-level reduction in his total offense level. (*See* PSR ¶ 50–60, 134); (J., ECF No. 172). Therefore, the Court is not persuaded that it should ignore the fairness of the sentence imposed on Defendant, especially when he has served so little of it.

Accordingly, Defendant's Motion for Compassionate Release is denied. However, because of Defendant's serious medical issues and his susceptibility to COVID-19, the Court recommends to the Bureau of Prisons that Defendant be placed in home confinement for the

remainder of his sentence. *See* 18 U.S.C §3621(b) (giving the Bureau of Prisons the discretion to designate the facility in which a prisoner serves his sentence after considering the sentencing court's recommendation). *See, e.g.*, *United States v. Shabudin*, 445 F.Supp.3d 212 (N.D. Cal. 2020) (recommending home confinement in light of the COVID-19 pandemic).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No.175), is **DENIED**.

**IT IS HEREBY RECOMMENDED** that the Bureau of Prisons place Defendant on home confinement for the remainder of his sentence.

**DATED** this __28__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court